IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | MAGISTRATE NO. 20-1237 |
| **THOMAS HARRIS JR.** | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The defendant, Thomas Harris Jr., is charged in a criminal complaint with violations of Title 18, United States Code, Sections 922(a)(1)(A) (dealing in firearms without a license) and 924(a)(1)(A) (making false statements to a federal firearms licensee). He purchased approximately 36 firearms in eleven transactions at a Bucks County, Pennsylvania, gun shop between April 20, 2019, and February 15, 2020, and provided a false address as his place of residence on the required federal forms that he completed when purchasing the guns. He then illegally trafficked, and attempted to traffic, the guns to St. Lucia, a sovereign island nation in the West Indies.

One of Harris's packages to St. Lucia was intercepted by agents. Inside, concealed in household items such as packages of diapers and cat litter, the agents found seven Glock semiautomatic pistols, one Ruger semiautomatic pistol, two AK-47 pattern pistols, two AK-47 pattern rifles, two AR-15 lower recievers, two AR-15 upper recievers, ten high capacity Glock ammunition magazines, three of which were drum magazines, seven additional assorted ammunition magazines, and 815 rounds of ammunition.

Harris used the alias "Lance Brown" to complete the bill of lading for this package, claimed it contained only household goods, and addressed it to an individual in St. Lucia from

whom Harris previously received a wire transfer of $1,626.06. Harris bought two of the Glock pistols found in the package the same day that he received these funds. After Harris presented this package to a shipping company for delivery to St. Lucia, Harris traveled to St. Lucia himself. He remained there from March of 2020 until returning to the United States on July 25, 2020.

Because no condition or combination of conditions will reasonably assure the safety of the community at large, and because there is a serious risk that Harris will flee and fail to appear in Court as required, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and his pretrial detention.

## I.  THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.  Probable Cause And The Evidence In This Case

1. There is probable cause to believe that the defendant has committed violations of Title 18, United States Code, Sections 922(a)(1)(A) (dealing in firearms without a license) and 924(a)(1)(A) (making false statements to a federal firearms licensee) as charged in the Complaint.

2. The evidence in this case is strong, and is summarized in the affidavit that accompanies the complaint and warrant, which is attached to this Motion as Exhibit 1. It will not be repeated here in the interest of brevity. In sum, Harris purchased 36 firearms in 11 transactions from a federally licensed firearms dealer (FFL) in Bucks County, Pennsylvania. During each transaction, Harris provided a false address as his place of residence on the required federal forms, the ATF Form 4473, and certified that his answers were true. He then illegally

trafficked, and attempted to traffic, the guns to St. Lucia, a sovereign island nation in the West Indies.

One of Harris's packages to St. Lucia was intercepted by agents. Inside, concealed in household items such as packages of diapers and cat litter, the agents found seven Glock semiautomatic pistols, one Ruger semiautomatic pistol, two AK-47 pattern pistols, two AK-47 pattern rifles, two AR-15 lower recievers, two AR-15 upper recievers, ten high capacity Glock ammunition magazines, three of which were drum magazines, seven additional assorted ammunition magazines, and 815 rounds of ammunition. On the bill of lading for the shipment, Harris falsely certified that the package contained only household items. He also used a false name – "Lance Brown." He addressed his shipment to a St. Lucia resident from whom he previously received a wire transfer of $1,626.06. Harris bought two of the Glock pistols found in the package the same day that he received these funds. Harris did not have a license to deal in firearms, nor a license to export them, as required by law. His DNA was later found on some of the items in the package. Of the 36 guns Harris bought in Bucks County, 24 remain unaccounted for.

### B. Maximum Penalties

Once indicted, Harris faces a maximum possible sentence of 60 years' imprisonment, a three-year period of supervised release, a fine of $30,000,000, and a $1,200 special assessment. The government estimates that the guideline range Harris faces upon conviction in this case is 97 - 121 months.

### C. **Criminal Record**

Harris has no prior criminal history.

### D. **Lack of Community Ties/Employment**

The government has no information concerning any employment Harris may have. That employment and his community ties were clearly insufficient to prevent him from committing his crimes in this case. They were also insufficient to prevent him from leaving the United States for almost five months in early 2020. Specifically, Harris traveled from the United States to the island nation of Saint Lucia in early March of 2020, and he remained there until July 25, 2020, when he returned to the United States and was arrested.

## II. **CONCLUSION**

When all these factors are viewed in light of the substantial sentences defendant faces, it is clear that no condition or combination of conditions will reasonably assure the safety of any other person or the community, or assure that the defendant will appear as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

    Respectfully submitted,

    WILLIAM M. McSWAIN
    United States Attorney


    */s Joseph A. LaBar*
    JOSEPH A. LaBAR
    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **MAGISTRATE NO. 20-1237** |
| **THOMAS HARRIS, JR.** | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this          day of                    , 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

    (b) the government has proven by a preponderance of evidence that that no condition or combination of conditions will reasonably assure the defendant's appearance in court, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) based on the following:

    **A.**    **Probable Cause And The Evidence In This Case**

        1.    There is probable cause to believe that the defendant has committed the violations of Title 18, United States Code, Sections 922(a)(1)(A) (dealing in firearms without a

license) and 924(a)(1)(A) (making false statements to a federal firearms licensee) charged in the Complaint.

2. The evidence in this case is strong, and is summarized in the affidavit that accompanies the complaint and warrant, which is attached to the government's Motion as Exhibit 1. In sum, Harris purchased 36 firearms in 11 transactions from a federally licensed firearms dealer (FFL) in Bucks County, Pennsylvania. During each transaction, Harris provided a false address as his place of residence on the required federal forms, the ATF Form 4473, and certified that his answers were true. He then illegally trafficked, and attempted to traffic, the guns to St. Lucia, a sovereign island nation in the West Indies.

One of Harris's packages to St. Lucia was intercepted by agents. Inside, concealed in household items such as packages of diapers and cat litter, the agents found seven Glock semiautomatic pistols, one Ruger semiautomatic pistol, two AK-47 pattern pistols, two AK-47 pattern rifles, two AR-15 lower recievers, two AR-15 upper recievers, ten high capacity Glock ammunition magazines, three of which were drum magazines, seven additional assorted ammunition magazines, and 815 rounds of ammunition. On the bill of lading for the shipment, Harris falsely certified that the package contained only household items. He also used a false name – "Lance Brown." He addressed his shipment to a St. Lucia resident from whom he previously received a wire transfer of $1,626.06. Harris bought two of the Glock pistols found in the package the same day that he received these funds. Harris did not have a license to deal in firearms, nor a license to export them, as required by law. His DNA was later found on some of the items in the package. Of the 36 guns Harris bought in Bucks County, 24 remain unaccounted for.

**B.**     **Maximum Penalties**

Once indicted, Harris faces a maximum possible sentence of 60 years' imprisonment, a three-year period of supervised release, a fine of $30,000,000, and a $1,200 special assessment. The government estimates that the guideline range Harris faces in this case is 97 - 121 months.

**C.**     **Criminal Record**

Harris has no prior criminal history.

**D.**     **Lack of Community Ties/Employment**

The government has no information concerning any employment Harris may have. That employment and his community ties were clearly insufficient to prevent him from committing his crimes in this case. They were also insufficient to prevent him from leaving the United States for almost five months in early 2020. Specifically, Harris traveled from the United States to the island nation of Saint Lucia in early March of 2020, and he remained there until July 25, 2020, when he returned to the United States and was arrested.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on

order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

        BY THE COURT:

_____
HONORABLE DAVID R. STRAWBRIDGE
*United States Magistrate Judge*

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served via electronic court filing, on the following defense counsel:

Michael Parlow, Esq.

/s Joseph A. LaBar
JOSEPH A. LaBAR
Assistant United States Attorney

Date: August 3, 2020