IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 20-1237 |
| THOMAS HARRIS, JR. | : | |

**O R D E R**

AND NOW, this __20th__ day of __August__, 2020, the Court finds as follows:

1. On July 23, 2020, a Complaint was filed by the United States Attorney's Office charging defendant Thomas Harris Jr. with dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A); and making false statements to a federal firearms licensee, in violation of 924(a)(1)(A).

2. On July 25, 2020, the defendant was arrested.

3. The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an Indictment or Information be filed within 30 days from the date on which the defendant was arrested, in this case by August 25, 2020.

4. On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further

described the impact of COVID-19 on the availability of jurors. On March 18, 2020, the Chief Judge entered a supplemental Standing Order, describing additional guidance from national leaders limiting group gatherings, and stating in part:

> Because the developments regarding COVID-19 in this district outlined above and in the March 13, 2020, Standing Order also adversely affect the Court's ability to maintain the continued operation of grand juries, it is ORDERED the deadlines for filing an indictment or information set forth in 18 U.S.C. § 3161(b) and (d)(1) are CONTINUED in every matter in this district. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. The time period of any continuance entered as a result of this Standing Order shall therefore be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

5. On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through May 31, 2020, based on the continued public health emergency.

6. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of grand jury meetings through June 30, 2020. In explaining that Order, the Chief Judge described the significant threat that COVID-19 continued to pose, the stay-at-home orders in the area that remained in place, and the continuing guidance from the Centers for Disease Control (CDC) that individuals stay home as much as possible, refrain from gathering in groups, avoid using public transportation, ridesharing, or taxis, refrain from non-essential travel, and maintain at least six feet of physical distance from others outside the home. The Chief Judge explained that these circumstances continued to significantly impact court operations in this district, including

the ability to proceed with grand jury meetings and jury trials. The Chief Judge concluded:

> The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. Because of the temporary unavailability of a grand jury in this district due to ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from May 31, 2020, through June 30, 2020, shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through May 31, 2020.

7. On June 30, 2020, the Chief Judge issued a Standing Order stating as follows:

> The Court anticipates the possibility of resuming meetings of impaneled grand juries in July 2020, with special precautions and accommodations to protect the health and safety of all participants, in addition to the measures already in place to protect public health and safety in Court facilities during the COVID-19 pandemic. Because grand juries continue to be unavailable in this district at this time due to the current public health situation, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, and May 29, shall remain continued through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the temporary unavailability of a grand jury in this district due to the ongoing COVID-19 public health emergency, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). See 18 U.S.C. § 3161(h)(7)(B)(iii). In computing the time within which an indictment or information must be filed under 18 U.S.C. § 3161(b) or (d)(1), the additional period of time from June 30, 2020, through the earlier of July 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular matter shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in all cases in this district. This period of exclusion is in addition to the period of exclusion previously granted for the time period from March 18, 2020, through June 30, 2020. The Court may extend the period of exclusion as circumstances warrant. Any motion by a criminal defendant seeking an exception to this

Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge.

8. On July 31, 2020, the Chief Judge issued an additional Standing Order. It explained that the pandemic continues to adversely impact the Court's ability to convene meetings of impaneled grand juries, as fewer grand juries remain in service, there are fewer sitting grand jurors available for service, and the Court has been unable to impanel new grand juries to replace those that can no longer meet. The Chief Judge stated:

> As a result, despite extraordinary efforts by Court staff and the U.S. Attorney's Office, the Court has been able to obtain a quorum of grand jurors for only a limited number of sessions, and far fewer than the number planned, to date. The Court anticipates the possibility of additional meetings of impaneled grand juries on a similarly limited basis in August 2020. However, because grand juries continue to be unavailable in most instances in this district, the deadlines for filing an indictment or information under 18 U.S.C. § 3161(b) and (d)(1), which were previously continued in the Standing Orders issued on March 18, April 10, May 29, and June 30, shall remain continued through the earlier of August 31, 2020, or the date the requisite quorum of grand jurors is obtained to consider the particular case. The Court finds the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In light of the ongoing COVID-19 public health emergency and its impact on the continued operation of grand juries in this district, it is unreasonable to expect return and filing of an indictment within the period specified under § 3161(b). *See* 18 U.S.C. § 3161(h)(7)(B)(iii).

The Court added, "Any motion by a criminal defendant seeking an exception to this Standing Order for the purpose of exercising the defendant's speedy trial rights shall be referred to the Chief Judge."

9. Due to the limited availability of grand juries described by the Chief Judge, the government has been unable to present the instant matter to a grand jury. The government advises that there is at present no available grand jury to which to present its evidence,

and it requires the continuance requested here in order to complete its investigation and the presentation of evidence to a grand jury.

10. Counsel for the defendant has represented that the defendant does not oppose the government's request for a 30-day continuance.

11. At present, the government advises that there is no available grand jury to which to present evidence in this matter, due to the limited availability of grand juries described by the Chief Judge.

12. Counsel for the defendant has represented that the defendant does not oppose the government's request for a 30-day continuance.

13. This Court agrees with and adopts the findings of the Chief Judge, and agrees with the government's representations regarding the impact of the COVID-19 crisis on this case. The Court therefore finds that these reasons cause the ends of justice to best be served by granting a further continuance in this matter, and that these reasons outweigh the interests of the public and the defendant in a speedy trial.

WHEREFORE, in accordance with Title 18, United States Code, Section 3161(h)(7)(A), it is hereby ORDERED that the time in which an Indictment or Information must be filed in the above action is continued for a period of 30 additional days, until September 25, 2020.

                                          **BY THE COURT:**

                                          /s/ Lynne A. Sitarski
                                        **HONORABLE LYNNE A. SITARSKI**
                                        **United States Magistrate Judge**